# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TROY A. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14-00045-CV-W-DGK-SSA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Troy A. Smith seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff suffered from a severe mental impairment variously diagnosed as bipolar disorder and obsessive-compulsive disorder, but he retained the RFC to perform work as a mail clerk, merchandise marker, and garment sorter.

Because substantial evidence supports the ALJ's determination, the Commissioner's decision denying benefits is AFFIRMED.

## Factual and Procedural Background

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his initial application on October 28, 2008, which was subsequently denied on February 6, 2009. Plaintiff requested an ALJ hearing. On August 19, 2010, ALJ Patricia Hartman then conducted a hearing and affirmed the Commissioner's denial. Plaintiff then sought review of this decision from the Appeals Council, which granted review and remanded on

May 2, 2012. Upon remand, ALJ Debra Van Vleck[1] conducted a second hearing and then rendered an opinion finding Plaintiff not disabled. Plaintiff again sought review from the Appeals Council, but it denied his request on December 16, 2013. This denial left the ALJ's opinion as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be

---

[1] Although two ALJs reviewed Plaintiff's application, the Court's use of the term "ALJ" throughout the opinion solely refers to Judge Debra Van Vleck.

expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[2]

Plaintiff raises a two-pronged challenge to the ALJ's Step Four determination. First, Plaintiff contends that the ALJ erroneously discounted his credibility. Second, Plaintiff asserts that the ALJ erred in weighing the opinion evidence. The Court addresses each argument in turn.

## I. Substantial evidence supports the ALJ's credibility determination.

Plaintiff first argues that the ALJ improperly discounted his subjective complaints by ignoring facts that bolstered his credibility and disproportionately focusing on facts that detracted from his credibility. The Court finds this argument to be without merit.

In analyzing a claimant's subjective complaints of pain, the ALJ considers the entire record, including: medical records; statements from the claimant and third parties; the claimant's daily activities; the duration, frequency and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. 20 C.F.R. § 404.1529; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). When the ALJ articulates the inconsistencies that undermine the claimant's subjective complaints and those inconsistencies are supported by the record, the ALJ's credibility determination should be affirmed. *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004).

Here, substantial evidence supports the ALJ's decision to discount Plaintiff's credibility. As an initial matter, the ALJ *did* consider evidence that weighed in Plaintiff's favor. For

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); see 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

Case 4:14-cv-00045-DGK   Document 18   Filed 12/31/14   Page 3 of 10

instance, the ALJ noted that Plaintiff sought medical treatment for his psychological problems and that he had a good work history prior to being laid off from work. R. at 17. Thus, there is no merit to Plaintiff's first credibility argument.

The ALJ also proffered several legally valid and factually supported reasons for discrediting Plaintiff's credibility. First, despite Plaintiff's complaints of disabling mental limitations, his psychiatric treatment records showed relatively mild objective findings as noted more thoroughly below. R. at 18, 363-65, 357, 369, 374, 377; *see Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003) (ALJ may discount subjective complaints that conflict with medical records). Second, corporate downsizing, not disabling limitations, led to Plaintiff losing his last job. R. at 18, 35-36, 65-66; *see Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (ALJ may discount credibility if claimant ceases work for reasons other than disability). Third, and related to the foregoing, Plaintiff worked for several years despite battling allegedly disabling mental limitations. R. at 36-38, 273, 321, 342; *see Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008) (ALJ may discount credibility if claimant continues to work despite alleging disabling limitations). Fourth, Plaintiff's daily activities—using public transportation, shopping for groceries, patronizing casinos and bars, and volunteering at church—conflict with his claims of disabling social anxiety and agoraphobia. R. at 35, 43-45, 48-49; *see Medhaug v. Astrue*, 578 F.3d 805, 816-17 (8th Cir. 2009) (ALJ may discount credibility if claimant's daily activities conflict with subjective complaints). Given the totality of these inconsistencies, substantial evidence supports the ALJ's credibility determination.

**II. Substantial evidence supports the ALJ's weighing of the opinion evidence.**

Plaintiff next contends the ALJ erroneously elevated a medical opinion that found him not disabled over three opinions that found him disabled. Specifically, Plaintiff argues that the

ALJ erred by giving little weight to the opinions of his treating psychiatrist Nallu Reddy, M.D. ("Dr. Reddy"), examining psychologist Scott Symes ("Dr. Symes"), and treating licensed clinical social worker Beverly Cranmer ("Ms. Cranmer"). According to Plaintiff, the ALJ further compounded this error by giving "some weight" to a state agency reviewing psychologist J. Edd Bucklew ("Dr. Bucklew").

### A. Substantial evidence supports the discounting of Dr. Reddy's opinion.

Dr. Reddy treated Plaintiff for his mental impairments on numerous occasions from 2010 to 2012. R. at 363-65, 367, 369, 374, 377. On September 5, 2012, Dr. Reddy completed a mental impairment questionnaire in which she found Plaintiff suffered from slight restrictions in daily living, marked difficulties in maintaining social functioning, marked deficiencies in concentration, persistence, and pace, and repeated episodes of decompensation. R. at 392. Dr. Reddy also reported that Plaintiff would have difficulty working a regular job because "[Plaintiff] reported in the past few jobs he left as he was not able [to] focus [and] do things on time." R. at 394. The ALJ gave her opinion little weight. R. at 19.

Where, as here, a treating source renders a medical opinion, the ALJ must assign it controlling weight if it is well-supported and not inconsistent with other evidence in the record. 20 C.F.R § 404.1527(c)(2). The ALJ, however, cannot give the opinion controlling weight if it is not supported by medically acceptable laboratory and diagnostic techniques, or if it is inconsistent with the other substantial evidence of record. *Id.*; *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010). If an ALJ discounts a treating physician's opinion, he must give "good reasons" for doing so. *Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002).

Here, the ALJ gave several good and well-supported reasons for discounting Dr. Reddy's opinion. First, portions of Dr. Reddy's opinion were inconsistent with Plaintiff's testimony. For

example, Dr. Reddy remarked that Plaintiff could not work in large part because he left previous jobs due to an inability to focus and meet deadlines. R. at 394. Plaintiff, however, testified on several occasions that he lost his previous job because of downsizing, not an inability to perform the work. R. at 35-36, 65-66, 223, 394. This inconsistency detracts from the opinion's probative value.[3] *See Medhaug*, 578 F.3d at 815 (ALJ may discount a treating source's opinion if it is inconsistent with claimant's testimony).

Second, the ALJ also observed an inconsistency between Dr. Reddy's opinion and her treatment notes. Dr. Reddy opined that Plaintiff suffered from marked limitations in maintaining social functioning, concentration, persistence, or pace. R. at 392. Yet her treatment notes consistently documented Plaintiff's appropriate and cooperative attitude and affect, normal orientation to person, place, time, and situation, intact to good judgment, good insight, intact memory, logical thought content, and euthymic mood. R. at 363-65, 367, 369, 374, 377. Moreover, as Dr. Reddy's treatment progressed, she decreased his medication and noted an improvement in his condition. R. at 367, 377. Given these fairly benign clinical observations and this record of improvement, it is unclear how Dr. Reddy ultimately imposed such sweeping limitations. And the ALJ was under no obligation to scour the record to fill in the gaps. *See Cline v. Colvin*, 771 F.3d 1098, 1104 (8th Cir. 2014) ("The commissioner need not patch the holes in a treating physician's porous opinion nor give the opinion controlling weight under such circumstances."). Thus, the Court finds no error in the ALJ discounting her opinion on this basis. *See Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006) (noting that an ALJ is not

---

[3] Plaintiff attempts to argue around this inconsistency by suggesting that Dr. Reddy misunderstood Plaintiff. Plaintiff, however, cites no record evidence showing precisely what he told Dr. Reddy. Thus, the Court is not convinced that it should overlook this patent inconsistency. In any event, the mere fact that Dr. Reddy relied so heavily upon Plaintiff's subjective allegations gives yet another sound basis to discredit her opinion. *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) ("The ALJ was entitled to give less weight to Dr. Harry's opinion, because it was based largely on Kirby's subjective complaints rather than on objective medical evidence.").

6

required to give controlling weight to a treating source's opinion if it is inconsistent with her treatment notes).

Plaintiff, however, argues that Dr. Reddy's opinion *is* consistent with her treatment notes, namely the low Global Assessment of Functioning ("GAF") scores she assigned him. R. at 367, 369, 374, 377. According to Plaintiff, his scores ranging from the upper-thirties to the mid-forties suggest serious psychological symptoms and hence fortify Dr. Reddy's opinion. But, as this Court has consistently held, bare GAF scores such as these are of limited probative value. *See Mosier v. Colvin*, No. 13-06112-DGK-SSA, 2014 WL 4722288, at *3 (W.D. Mo. Sept. 23, 2014); *Gamez v. Colvin*, No. 13-4199-CV-W-DGK-SSA, 2014 WL 4112925, at *2 (W.D. Mo. Aug. 19, 2014). Thus, the Court finds that these bare scores cannot rehabilitate the inconsistencies noted above.

Lastly, although not noted by the ALJ, Dr. Reddy's opinion was extremely conclusory, with only a few checkmark boxes, sparse narrative discussion, and no citation to treatment notes. Opinions in this form carry little value. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010). For all these reasons, the Court finds that the ALJ did not err in according little weight to Dr. Reddy's opinion.

### B. Substantial evidence supports the ALJ's decision to discount Dr. Symes' opinion and Ms. Cranmer's opinion.

The Court next turns to the ALJ's decision to discount Dr. Symes' opinion. In June 2010, the Jackson County Missouri Social Services referred Plaintiff to Dr. Symes for a Medicaid eligibility evaluation. R. at 334. After interviewing Plaintiff and conducting a mental status examination, Dr. Symes opined, "At this time it seems that [Plaintiff's] psychological symptoms significantly interfere with his functional capacity. This would be expected to last at

7

least a year." R. at 338. Dr. Symes also assessed a GAF score of 43, suggesting serious psychological symptoms. R. at 339. The ALJ gave this opinion little weight. R. at 19.

Substantial evidence supports the ALJ's decision. As a threshold matter, Dr. Symes, as a one-time examining psychologist, does not qualify as a treating source. At best, his opinion was presumptively entitled to slightly more weight than a non-examining source. *See* 20 C.F.R. § 404.1527(c)(1). This presumptive deference, however, was eroded in part by Dr. Symes' cursory explanation. In his two-sentence opinion, Dr. Symes never discussed what specific symptoms would interfere with Plaintiff's functional capacity, or how they would do so. Such a conclusory opinion deserves little weight. *See Wildman*, 596 F.3d at 964.

Likewise, substantial evidence supports the ALJ's decision to give little weight to the one-time GAF score. Bare scores such as these are of little value, *see supra* at 7, and they garner almost no weight where, as here, they are inconsistent with other record evidence. *See Jones v. Astrue*, 619 F.3d 963, 974 (8th Cir. 2010). As noted thoroughly above, Plaintiff's daily activities and Dr. Reddy's treatment notes suggest that Plaintiff was able to function at higher level than what his GAF scores indicated. R. at 35, 43-45, 48-49, 367, 369, 374, 377. Thus, the ALJ did not err in giving Dr. Symes' opinion little weight.

Similarly, the ALJ did not err in discounting Ms. Cranmer's opinion. Over the course of two years, Ms. Cranmer facilitated group therapy sessions that Plaintiff attended. R. at 366, 368, 370, 373, 375, 376, 378. On August 21, 2012, Ms. Cranmer opined that Plaintiff had moderate restrictions in activities of daily living, marked restrictions in social functioning, extreme deficiencies in concentration, persistence, and pace, and repeated episodes of decompensation. R. at 387. The ALJ gave her opinion little weight. R. at 19.

8

Case 4:14-cv-00045-DGK   Document 18   Filed 12/31/14   Page 8 of 10

Substantial evidence supports the ALJ's decision. To begin, as a social worker, Ms. Cranmer is not an acceptable medical source as defined by the Regulations, so her opinion was not entitled to any deference. *See Lacroix v. Barnhart*, 465 F.3d 881, 886 (8th Cir. 2006). And although the ALJ was required to consider her opinion, the record supports her reasons for completely discrediting it. Ms. Cranmer's treatment notes recount general observations about the entire therapy group, not Plaintiff specifically. R. at 366, 368, 373, 375, 378. A lack of objective support is a proper basis to discount an opinion. *See* 20 C.F.R. § 404.1527(c)(3) (supportability is one consideration in determining the weight given to a "medical opinion"). Thus, the ALJ did not err in affording her opinion little weight.

### C. Substantial evidence supports the ALJ's decision to give "some weight" to Dr. Bucklew's opinion.

On February 6, 2009, Dr. Bucklew, after reviewing Plaintiff's then-current medical records, opined that Plaintiff was not disabled because he only had mild to moderate limitations due to his mental impairments. R. at 287-89. The ALJ gave this opinion "some weight" because despite the lack of the subsequent medical records and opinions, Dr. Bucklew had an understanding of the Regulations and his opinion was consistent with the then-current record evidence. R. at 18.

The ALJ did not err in making this finding for several reasons. First, the ALJ did not simply adopt Dr. Bucklew's opinion. On the contrary, she carefully reviewed the opinion in conjunction with the remainder of the record evidence, finding Plaintiff *more* limited than what Dr. Bucklew did. R. at 17. For instance, the ALJ limited Plaintiff to jobs involving only simple work-related decisions, and those that required no contact with the general public. R. at 17. But Dr. Bucklew never imposed such limitations. R. at 276-77, 287-89. Thus, it is clear that the ALJ carefully scrutinized Dr. Bucklew's opinion and only credited the portions that were consistent

with the record as a whole. *See Casey v. Astrue*, 503 F.3d 687, 694 (8th Cir. 2007) (ALJ may consider examining physician's opinion with the record as a whole).

Second, the opinion of a state agency psychologist can be entitled to some weight where, as here, it finds support in the record. *See* 20 C.F.R. § 1527(c)-(e). Although Dr. Bucklew rendered his opinion prior to Dr. Reddy, Dr. Symes, and Ms. Cranmer, his opinion is arguably more consistent with the record evidence as a whole. As noted above, Dr. Reddy's treatment notes and Plaintiff's daily activities suggested that he retained the ability to perform some work. R. 35, 43-45, 48-49, 367, 369, 374, 377. This is consistent with Dr. Bucklew's opinion that although Plaintiff possessed some functional limitations, they were not disabling. R. at 287-89. Moreover, unlike the other opinions, Dr. Bucklew's contained an explanation, albeit brief, of how he reached his conclusion. R. at 289. Because Dr. Bucklew's opinion is better supported and explained than the other opinions, the Court finds no error in the ALJ giving it "some weight." *Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011).

## Conclusion

Because substantial evidence supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  December 31, 2014                     /s/ Greg Kays
                                             GREG KAYS, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT